# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RUTH LIBERT and DAVID LIBERT,

    Plaintiffs,

v.                                           Case No.: 6:25-cv-1145-WWB-NWH

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court on Plaintiffs' Motion to Remand (Doc. 10) and Defendant's Response in Opposition (Doc. 15).[1]  For the reasons set forth below, the Motion will be denied.

Defendant Federal Insurance Company insured a property owned by Plaintiffs David and Ruth Libert in Maitland, Florida. (Doc. 1-1, ¶ 5; Doc. 1-2, ¶ 5).  Plaintiffs allege that their property was damaged by a hurricane in October 2024, and that the damage incurred was covered under the policy issued by Defendant. (Doc. 1-1, ¶ 7).  Plaintiffs further allege that Defendant failed to indemnify them from their covered loss. (*Id.* ¶ 8). Plaintiffs initiated a lawsuit against Defendant in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, asserting a claim for breach of contract. (*See generally id.*).  Defendant was served with the Complaint (Doc. 1-1) on May 14, 2025,

---

[1] Both filings fail to comply with this Court's January 13, 2021 Standing Order.  In the interests of justice, the Court will consider the filings because this matter is fully briefed and ripe for resolution on the merits, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

and removed the case to the United States District Court for the Middle District of Florida on June 26, 2025. (Doc. 10, ¶¶ 4–5; Doc. 15, ¶¶ 1, 7).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." "The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). A defendant must remove the case within thirty days of learning that the case is removable and may not remove a case "on the basis of jurisdiction conferred by [§ 1332] more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(b), (c)(1).

The parties do not dispute that there is complete diversity of citizenship in this case or that the amount in controversy exceeds $75,000, and the Court is satisfied that Defendant has sufficiently established these elements for removal purposes. Instead, Plaintiffs' sole argument for remand hinges on the fact that Defendant filed its Notice of Removal forty-three days after being served. Section 1446(b)(1) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Assuming that Defendant was aware that the case was removable when it received the Complaint, then Plaintiffs' argument would have merit.

Yet Plaintiffs' argument ignores § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Plaintiff's Complaint sought damages "greater than Fifty Thousand Dollars," (Doc. 1-1, ¶ 1), and Defendant was not served an "other paper" from which it could be ascertained that the case was removable until they received Plaintiffs' demand for $275,000 on May 30, 2025, (Doc. 1-7 at 1).

While Plaintiffs contend that their statutorily mandated presuit demand notified Defendant that the amount in controversy exceeded $75,000, "[c]ase law is clear that 'the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the *complaint* explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.'" *Nikollaj v. Fed. Ins. Co.*, 472 F. Supp. 3d 1138, 1140 (M.D. Fla. 2020) (emphasis added) (quoting *Del Rio v. Scottsdale Ins. Co.*, No. 6:05CV1429ORL, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 18, 2005) (collecting cases)). Thus, while "courts can consider presuit demands to establish the amount in controversy, a 'presuit correspondence cannot be an other paper triggering the thirty-day removal clock.'" *Gerald v. Garrison Prop. & Cas. Ins. Co.*, No. 2:25-cv-254, 2025 WL 1222528, at *1 (M.D. Fla. Apr. 28, 2025) (quoting *Rocca v. Nat'l Specialty Ins. Co.*, No. 2:20-cv-64-FtM, 2020 WL 6036882, at *2 (M.D. Fla. Feb. 24, 2020)). Thus, Defendant was not on

notice that this case was removable within the meaning of the removal statute until May 30, 2025, and its removal twenty-eight days later was, therefore, timely and procedurally proper.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Motion to Remand (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 17, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record